IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| VIRGINIA ELECTRIC AND POWER COMPANY d/b/a DOMINION ENERGY VIRGINIA | ) ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:20-cv-00806-REP |
| | ) | |
| WOOD ENVIRONMENT & INFRASTRUCTURE, INC., | ) ) ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

The issues in the above-captioned litigation (the "Litigation") involve in part past, current, and prospective confidential financial, customer and cost information, confidential and proprietary internal business matters, strategy or strategic planning or tactical information. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order in connection with this Litigation. Thus, good cause appearing, it is hereby ORDERED as follows:

1. **Scope of Order.** This Stipulated Protective Order ("the Protective Order") governs the use and handling of documents, electronic information in any form (including embedded data and metadata), testimony, interrogatory responses, and other information, including all copies, excerpts, and summaries thereof (collectively, the "Material") produced or given by any defendant, plaintiff, or other individual or entity in pre-trial proceedings in this Litigation.

2. **Limitation on Use of Material.** Material produced in this Litigation shall be used only for the purpose of this Litigation, and not for any other purpose whatsoever.

1

### 3. Designation of Confidential and Highly Confidential Material.

A. The producing party may designate Discovery Material as "**Confidential**" if it contains or reflects confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity.

B. The producing party may designate as "**Highly Confidential**" any Material that contains non-public information that the producing party reasonably believes would harm its efforts to compete if disclosed to a competitor, including pricing information, cost information, product research and development information, lists of actual or prospective customers, strategic and business planning information, assessments of competitors and the marketplace, and trade secrets ("Highly Confidential Material"). The designations will be made by an attorney, and will be designated in conformance with Paragraph 7 of this Protective Order.

### 4. Persons Who May Access Confidential or Highly Confidential Material.

A. Unless otherwise ordered by the Court, Protected Material designed as **Confidential** may be disclosed only to the following:

1) The Parties themselves, corporate officers and key employees of the Parties who have responsibility for directing or assisting litigation counsel in connection with this action.

2) The Receiving Party's in-house or Outside Counsel, their immediate paralegals and staff, and any copying, clerical, or other litigation support services working at the direction of such counsel, paralegals, and staff, unless otherwise agreed.

3) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and

provided that such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

4) Translators of or into foreign languages who are not employed by or affiliated with any of the parties, but are retained only to provide translations of any material designated as CONFIDENTIAL, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

5) Court reporters, stenographers and videographers retained to record testimony taken in this action.

6) The Court, jury, and court personnel.

7) Trial witnesses.

8) Potential witnesses and deposition witnesses with knowledge of facts relevant to the action to whom disclosure is reasonably necessary.

9) Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

10) A vendor hired by a party to collect documents, host data, maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case.

11) Any persons who appear on the face of the designated Protected Material as an author, addressee or recipient thereof or where specific documentary or testimonial evidence establishes that the designated Protected Material was authored or received by the person.

12) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

B. Except as provided in Paragraph 8, absent written consent from the producing party or unless otherwise directed by the Court, Highly Confidential Material may be disclosed only to the following persons:

1) Outside counsel of record for the parties;

2) Experts or consultants who are not employees of a party but are retained on behalf of any of the parties to assist in the preparation of this case who shall have signed an acknowledgment in the form attached hereto as Exhibit A, on the condition that such expert or consultant is not employed in the capacity of preparing or evaluating bids for construction quality assurance work on behalf a competitor to the opposing party. In the event a parties' expert or consultant serves in a role of preparing or evaluating bids for construction quality assurance work on behalf of a competitor, such expert or consultant shall be disclosed to the opposing party prior to accessing the Highly Confidential material. The opposing party may then object to the disclosure of some or all of the Highly Confidential material if the party reasonably believes the disclosure of the material may cause competitive harm. If the parties are unable to resolve the issue after reasonable efforts to meet and confer in good faith, either party may petition the Court to resolve the dispute.

3) Outside professional vendors that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, including computerized litigation systems and

document production platforms) and their employees and subcontractors, employed by the parties' counsel to assist in this Litigation;

        4)     The Court, court reporters, videographers, stenographers, and court personnel;

        5)     The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation; and

        6)     Any individuals that prepared, authored, or received the specific Highly Confidential Material in question, or that counsel in good faith believes has previously reviewed the specific Highly Confidential Material in question, to the extent necessary to verify whether such individual has in fact prepared, authored, or received such material.

        5.     **Application of this Protective Order to Persons With Access to Highly Confidential Material.** Each person given access to Highly Confidential Material shall be advised that the Highly Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

        6.     **Filing Documents Containing Highly Confidential Material.** In the event a Party wishes to use any Highly Confidential Material or any documents or information that contain or make reference to Highly Confidential Material in any pleading or document filed with the Court in this Litigation, such pleading or document shall be filed under seal in a manner consistent with the Local Rules of this Court.

        7.     **Production of Documents and Other Material.** Material shall be produced in this Litigation in the following manner:

(a) For information provided in documentary form (*e.g.*, paper documents, electronic images of documents, and written discovery responses, but excluding transcripts of depositions or other pretrial or trial proceedings), the producing party shall affix a legend indicating the Material is "CONFIDENTIAL" or, if designated "Highly Confidential" under the terms above, "HIGHLY CONFIDENTIAL" to each page. In the case of electronically stored information, if page level designation is not feasible, the producing party may designate the confidentiality in an accompanying load file or transmittal letter. Where feasible, counsel for the producing party will also mark the disk, drive, or other electronic media on which the electronically stored information is produced with the appropriate designation. If a party has reduced the Material to hardcopy form, it shall mark the hardcopy with the appropriate designation.

(b) Whenever any Material is copied, all copies shall be marked with the appropriate designation.

(c) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice sent to all counsel of record for the parties within fifteen business days after receipt of the final transcript of the deposition. All transcripts shall be considered subject to this Protective Order until expiration of that fifteen day period. All video files of depositions shall be clearly labeled Highly Confidential, as appropriate pursuant to this Protective Order.

(d) To the extent that a person to whom Highly Confidential Material may be disclosed under Paragraph 5 above creates, develops, establishes, or otherwise maintains, on any computer, network, disk, drive, or other digital or analog machine-readable device, any information, files, databases, or programs that contain Highly Confidential Material, such person shall take all steps reasonably necessary to ensure that access to any Highly Confidential Material is restricted to those persons who, by the terms of this Protective Order, are allowed access to the Highly Confidential Material.

(e) The inadvertent failure to stamp a document as Highly Confidential shall not be deemed a waiver of a claim of confidentiality. The producing party shall give written notice to the party receiving the Material promptly after the omission is discovered, and the receiving party shall then treat those Materials as Highly Confidential.

8. **Use of Highly Confidential Material at Depositions.** Highly Confidential Material may be shown during the course of a deposition to a deponent who is currently employed by the producing party, or who created or received the documents or other information. Counsel for any party wishing to use Highly Confidential Material to examine fact witnesses who are not currently employed by the producing party and who did not create or receive the Material, shall deliver a copy of such Material to designated counsel for the producing party at least three business days prior to the start of the deposition. Within one business day thereafter, the producing party shall provide notice of any objection to the use of

the Highly Confidential Material at the deposition. In such event, the document may not be introduced, and its contents not disclosed, without leave of Court.

9.      **Use of Material at Trial or Hearing.** The restrictions, if any, that will govern the use of the Material at trial or hearings will be determined at a later date by the Court, in consultation with the parties if necessary.

10.     **No Waiver of Privilege.** The disclosure of a document that is not relevant or that is subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection, whether inadvertent or otherwise, is not a waiver of privilege or of protection from discovery in this Litigation or in any other federal or state proceeding. For example, the mere disclosure of privileged or work-product-protected documents in this Litigation as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Moreover, a party or non-party seeking protection for disclosed documents that are not relevant or documents subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection ("Identified Materials") under this Section is not required to show that reasonable steps were taken to avoid the disclosure of the documents or information. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Material under this Order.

11.     **Clawback of Privileged or Otherwise Protected Material.** Upon notice that Identified Materials have been produced, the Identified Materials and all copies thereof shall be returned to the producing party or destroyed or deleted, on request of the producing party. The receiving party shall take all reasonable steps to delete or otherwise permanently remove the Identified Materials from any systems used to house documents, including document review

databases, e-rooms, and any other locations that store the document. The receiving party may make no use of the Identified Materials in this Litigation or any other matter, including in depositions or at trial, unless the Identified Materials are later designated by the Court as not privileged or protected. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of their contents before the notice was made. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those notes or other work product unless the Court later designates the Identified Materials as not privileged or protected. Nothing in this Order shall limit the receiving party's right to challenge (on grounds unrelated to the fact or circumstances of disclosure) the disclosing party's claim that the Identified Materials are protected from disclosure, using the procedure set forth in the following paragraph.

12. **Removal of Confidential or Highly Confidential Designation.** Any party may object to the designation of any Confidential or Highly Confidential Material by giving written notice to the producing party of such objection and explain the reasons therefor. The objecting and producing party shall confer in good faith to resolve any such dispute. If the parties are unable to resolve the dispute, the objecting party may apply to the Court for a ruling that the Material is not appropriately designated as Confidential or Highly Confidential, giving notice to the producing party. Any Identified Materials submitted to the Court in connection with a challenge to the disclosing party's claim of privilege or protection shall not be filed in the public record, but rather shall be redacted, filed under seal, or submitted for in-camera review, and shall not be reviewed, disclosed, or used in any way by the receiving party until the challenge is resolved. Until the challenge is resolved, the Material will remain Confidential or Highly Confidential under this Order.

13. **Modification of the Protective Order.** This Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Protective Order by stipulation of the parties.

14. **Copy of Protective Order Must Be Served With Any Subpoena.** After this Protective Order is entered by the Court, a copy of this Protective Order shall be included with the subpoena when serving any subpoena in this Litigation on a non-party to the Litigation.

15. **Application to Third Party Materials.** Any third-party to the Litigation who produces Material to any Party pursuant to a subpoena issued in connection with the Litigation shall be entitled to designate documents as Confidential or Highly Confidential pursuant to the terms of this Order. The Parties shall treat any document designated by a third-party as Confidential or Highly Confidential in the same manner as a document so-designated by a party.

16. **Third Party Requests for Material.** If any person receiving Material covered by this Protective Order is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Material covered by this Protective Order, the person receiving the subpoena, document demand, or request shall give written notice within five business days to counsel for the producing party and shall, to the extent permitted by law, withhold production of the Material until any dispute relating to the production of such Material is resolved.

17. **Court Retains Jurisdiction.** This Protective Order shall survive the termination of this Litigation. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Protective Order following the final resolution of this Litigation.

18. **Return or Destruction of Material.** Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all parties in receipt of Confidential or Highly Confidential Materials shall use reasonable efforts to either return such materials and copies thereof to the producing party or destroy such Confidential or Highly Confidential Material and certify that fact. *Excluding materials on the Court files, KEP 2/8/24* The receiving party's reasonable efforts shall not require the return or destruction of Confidential or Highly Confidential Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential or Highly Confidential Material, but such retained information shall continue to be treated in accordance with the Order. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports, and attorney work product that contain or refer to Confidential or Highly Confidential Materials, provided that such counsel and employees of such counsel shall not disclose such Confidential or Highly Confidential Material to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

19. **Parties May Use Their Own Documents**. Nothing in this Order shall affect a party's use or disclosure of its own documents in any way. The use by a party of its own Confidential or Highly Confidential documents as part of confidential proceedings among the

parties or party depositions does not alter the confidentiality of the documents in question with respect to third parties.

20. **Violation of the Protective Order.** The Court shall have discretion to impose sanctions, including reasonable monetary fines, for violations of the provisions of this Order.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Dated: February 5, 2021

\IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **VIRGINIA ELECTRIC AND POWER COMPANY d/b/a DOMINION ENERGY VIRGINIA**,<br><br>Plaintiff,<br>v.<br><br>**WOOD ENVIRONMENT & INFRASTRUCTURE, INC.**,<br><br>Defendant. | Case No. 3:20-cv-00806-REP |

I hereby certify my understanding that Material designated "Confidential" or "Highly Confidential" is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this action by the United States District Court for the Eastern District of Virginia, on February ___, 2021 (the "Order"). I have read and understand the terms of the Order, I agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purposes of enforcement of the Order.

Dated:_____    Signature:_____

                             Name:_____